# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

Jacob Hixson

_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 14-20425

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

8-4-14
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Jacob Hixson Order of Detention

Defendant is a 20 year old single male who is charged by way of indictment with Assault Resulting in Serious Bodily Injury in Aid of Racketeering. He has been living at 5250 Tarnow in the City of Detroit with his girlfriend for the past five months. He lived with his girlfriend and her mother for the previous three years at three separate addresses in the city of Detroit. Prior to that Defendant resided with his mother from age 13 to 17 in Newport, Michigan. Defendant has no contact with his father who resides in Tennessee, and his only family contact in this district is his mother.

Defendant claims that he has been working sporadically as a carpenter since 2012, but his employment could not be verified. His only other prior employment was with Happy's Pizza, from 2010 to 2011.

Defendant reports that he began smoking marijuana at age 16 and that he uses it daily.

Defendant's criminal record reflects four outstanding bench warrants, three for failure to appear for traffic offenses from 2012- 2014.

Additionally Defendant has a misdemeanor assault case from 2010, a misdemeanor Obstructing Judiciary case from 2012, and a Felony Robbery case charged on 6/12/2014 by the Detroit Police Department.

The instant case charges Defendant with Assault Resulting in Serious Bodily Injury in Aid of Racketeering, and specifically alleges that on April 29, 2014 members the Latin Counts Street Gang enterprise, including Defendant and others, assaulted Victim "A.R." in such a manner that resulted in serious bodily injury. Specifically the victim was targeted for robbery as he exited a Chinese take-out restaurant at Vernor and Lansing Streets in the city of Detroit, and was beaten severely by Defendant and others. This was an unprovoked assault on an innocent citizen who had no gang affiliation. Defendant admits to being a member of the Latin Counts enterprise and admits to being a Chief and an enforcer; he also admits to participating in the assault, although he claims he assaulted the victim in self defense. A video surveillance tape clearly indicates otherwise. The victim identified Defendant as the perpetrator.

The facts as alleged indicate that the victim went into the carry out restaurant and left his car idling with a passenger in the front passenger seat. Defendant threatened the passenger and demanded money and threatened to kill the passenger if money was not turned over. The passenger leaned on the horn to attract attention. Defendant came out of the restaurant. Three

gang members, including co-defendant Voltz, then surrounded the Defendant and began striking him. Defendant also struck the victim, delivering the blow that sent the victim to the ground, and even after he fell, Defendant continued to deliver blows to the victim.

On June 12, 2014 the Latin Counts were identified as the perpetrators in two separate robberies of two separate victims, both defenseless women. Defendant was identified as the person in the passenger seat of the car involved. Allegedly Defendant jumped a woman in her 40's, took her phone along with her money, and then punched her and her male companion.

That same night, June 12, 2014, a 57 year old woman was knocked down on the street, and Defendant was again seated in the front passenger seat of the vehicle. This time the victim took down the license plate number of the vehicle. The police stopped the car and items belonging to both victims were recovered. When the Defendant's house was searched, a sawed off shotgun was found in his closet.

Pretrial Services has interviewed this Defendant and has concluded that he poses a risk of flight and a danger to the community. This Court agrees that a preponderance of the evidence establishes Defendant as a flight risk: four outstanding warrants, three of which are for failure to appear and his significant and ongoing daily substance abuse history. The Court also finds that there is clear and convincing evidence that Defendant poses a danger to the community, based upon the allegations plead in the indictment, along with the other collateral information regarding Defendant's ongoing violent gang activities, and his admissions.

There is no condition or combination of conditions that would assure Defendant's appearance in Court or the safety of the community. Detention is therefore Ordered.